**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire (*pro hac vice*)
Angela L. Mastrangelo, Esquire
Nicholas R. Jimenez, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
1120 Route 73, Suite 420
Mount Laurel, NJ  08054
Phone: (856) 795-3300
Fax: (856) 482-0504
edmond.george@obermayer.com
*Attorneys for the Debtor*

| | |
|---|---|
| In re:<br><br>High Brass Farm Land Holdings LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-25217 (MBK)<br>Judge: Michael B. Kaplan |
| MICHAEL MERBLER, ELIZABETH PERRY-MERBLER, HIGH BRASS FARM LAND HOLDINGS LLC, and HIGH BRASS FARM, LLC,<br>    Plaintiffs,<br><br>v.<br><br>SKY MANOR AIRPORT PARTNERS, LLC, NEW JERSEY TITLE INSURANCE COMPANY N/D/B/A CATIC TITLE INSURANCE COMPANY AND BANK OF AMERICA,<br>    Defendants. | Adversary No. 19-02093 (MBK)<br><br>Hearing Date: May 7, 2020<br>Hearing Time: 10:00 a.m.<br>Court Room: 8 |
| HIGH BRASS FARM LAND HOLDINGS LLC,<br>    PLAINTIFF,<br>v.<br><br>BANK OF AMERICA,<br>    DEFENDANT | Adversary No. (MBK) 19-2190<br><br>Hearing Date: May 7, 2020<br>Hearing Time: 10:00 a.m.<br>Court Room: 8 |

**CERTIFICATION OF EDMOND M. GEORGE, ESQUIRE,
IN SUPPORT OF THE PROPOSED SETTLEMENT OF CONTROVERSY AMONG
HIGH BRASS FARM LAND HOLDINGS LLC AND SKY MANOR AIRPORT
PARTNERS, LLC**

I, Edmond M. George, Esquire, counsel to High Brass Farm Land Holdings LLC (the "Debtor"), submit this Certification in Support of the Debtor's Motion to Approve the Proposed Settlement of Controversy among the Debtor, Bank Of America, High Brass Farm LLC, Michael Merbler And Elizabeth Perry-Merbler (the "Parties"). I am an attorney admitted to practice before this Court and am counsel to the Debtor in the above captioned bankruptcy proceedings and the instant adversary proceedings.

1. The Debtor's case was commenced on August 6, 2019 by the filing of a voluntary Chapter 11 petition under 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. The Debtor acquired the Farm, 35.19 acres, consisting of commercial and residential real property in 2005, which is utilized by an affiliate as a full-service equine boarding, training and show facility consisting of several barns containing forty (40) stalls, indoor and outdoor training and equine rehabilitation facility, fenced paddocks, and residential rental properties.

3. Sky Manor acquired the adjacent commercial real property in 2008, which property is utilized as a private aviation facility.

4. In or about 2015 a dispute arose between Sky Manor and the Debtor concerning the rights to use the shared driveway, which is the only means of ingress and egress other than an emergency access, to and from the Farm. This dispute made title to the Farm unmarketable.

5. On or about December 13, 2018, High Brass, along with its two (2) members, Michael Merbler and Elizabeth Perry-Merbler, and High Brass Farm, LLC commenced a civil action in the Hunterdon County Superior Court against Sky Manor Airport Partners, LLC, New

2
4817-7846-3417

I, Edmond M. George, Esquire, counsel to High Brass Farm Land Holdings LLC (the "Debtor"), submit this Certification in Support of the Debtor's Motion to Approve the Proposed Settlement of Controversy among the Debtor, Bank Of America, High Brass Farm LLC, Michael Merbler And Elizabeth Perry-Merbler (the "Parties"). I am an attorney admitted to practice before this Court and am counsel to the Debtor in the above captioned bankruptcy proceedings and the instant adversary proceedings.

1. The Debtor's case was commenced on August 6, 2019 by the filing of a voluntary Chapter 11 petition under 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. The Debtor acquired the Farm, 35.19 acres, consisting of commercial and residential real property in 2005, which is utilized by an affiliate as a full-service equine boarding, training and show facility consisting of several barns containing forty (40) stalls, indoor and outdoor training and equine rehabilitation facility, fenced paddocks, and residential rental properties.

3. Sky Manor acquired the adjacent commercial real property in 2008, which property is utilized as a private aviation facility.

4. In or about 2015 a dispute arose between Sky Manor and the Debtor concerning the rights to use the shared driveway, which is the only means of ingress and egress other than an emergency access, to and from the Farm. This dispute made title to the Farm unmarketable.

5. On or about December 13, 2018, High Brass, along with its two (2) members, Michael Merbler and Elizabeth Perry-Merbler, and High Brass Farm, LLC commenced a civil action in the Hunterdon County Superior Court against Sky Manor Airport Partners, LLC, New

I, Edmond M. George, Esquire, counsel to High Brass Farm Land Holdings LLC (the "Debtor"), submit this Certification in Support of the Debtor's Motion to Approve the Proposed Settlement of Controversy among the Debtor, Bank Of America, High Brass Farm LLC, Michael Merbler And Elizabeth Perry-Merbler (the "Parties"). I am an attorney admitted to practice before this Court and am counsel to the Debtor in the above captioned bankruptcy proceedings and the instant adversary proceedings.

1. The Debtor's case was commenced on August 6, 2019 by the filing of a voluntary Chapter 11 petition under 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. The Debtor acquired the Farm, 35.19 acres, consisting of commercial and residential real property in 2005, which is utilized by an affiliate as a full-service equine boarding, training and show facility consisting of several barns containing forty (40) stalls, indoor and outdoor training and equine rehabilitation facility, fenced paddocks, and residential rental properties.

3. Sky Manor acquired the adjacent commercial real property in 2008, which property is utilized as a private aviation facility.

4. In or about 2015 a dispute arose between Sky Manor and the Debtor concerning the rights to use the shared driveway, which is the only means of ingress and egress other than an emergency access, to and from the Farm. This dispute made title to the Farm unmarketable.

5. On or about December 13, 2018, High Brass, along with its two (2) members, Michael Merbler and Elizabeth Perry-Merbler, and High Brass Farm, LLC commenced a civil action in the Hunterdon County Superior Court against Sky Manor Airport Partners, LLC, New

I, Edmond M. George, Esquire, counsel to High Brass Farm Land Holdings LLC (the "Debtor"), submit this Certification in Support of the Debtor's Motion to Approve the Proposed Settlement of Controversy among the Debtor, Bank Of America, High Brass Farm LLC, Michael Merbler And Elizabeth Perry-Merbler (the "Parties"). I am an attorney admitted to practice before this Court and am counsel to the Debtor in the above captioned bankruptcy proceedings and the instant adversary proceedings.

1. The Debtor's case was commenced on August 6, 2019 by the filing of a voluntary Chapter 11 petition under 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. The Debtor acquired the Farm, 35.19 acres, consisting of commercial and residential real property in 2005, which is utilized by an affiliate as a full-service equine boarding, training and show facility consisting of several barns containing forty (40) stalls, indoor and outdoor training and equine rehabilitation facility, fenced paddocks, and residential rental properties.

3. Sky Manor acquired the adjacent commercial real property in 2008, which property is utilized as a private aviation facility.

4. In or about 2015 a dispute arose between Sky Manor and the Debtor concerning the rights to use the shared driveway, which is the only means of ingress and egress other than an emergency access, to and from the Farm. This dispute made title to the Farm unmarketable.

5. On or about December 13, 2018, High Brass, along with its two (2) members, Michael Merbler and Elizabeth Perry-Merbler, and High Brass Farm, LLC commenced a civil action in the Hunterdon County Superior Court against Sky Manor Airport Partners, LLC, New

Jersey Title Insurance Company n/d/b/a CATIC, and Fidelity National Title Insurance,[2] Case No: HNT-L-000477-18.

6. On August 14, 2019, the Litigation was removed to the Bankruptcy Court seven (7) days after the Petition Date captioned *High Brass Farm Land Holdings LLC et al. v. Sky Manor Airport Partners, LLC et al*., and assigned adversary number 19-02093(MBK).

7. The Debtor and Sky Manor agreed to mediation with Anthony Sodono, Esq. serving as the mediator and have reached a resolution of the issues related to driveway and ingress and egress to the Farm.

8. The Debtor is presently seeking Rule 9019 approval of the settlement with Sky Manor, which formalizes ingress and egress by the recordation of an easement and maintenance agreement (the "Sky Manor Settlement").

9. Since 2008, the Debtor has had a secured lending relationship with Bank of America ("BOA").

10. In 2008, 2010 and 2016 BOA offered, refinanced or modified, respectively, loans to the Debtor secured by the Farm. These loans were guaranties or cosigned by HBF and the Merblers. The course of dealing between the Parties is described more specifically in the BOA Settlement, attached as Exhibit A.

11. The Debtor averred that the loans were undersecured, and had always been undersecured such that making the loans violated consumer protection laws. The Debtor commenced an adversary proceeding against BOA, *High Brass Farm Land Holdings LLC v. Bank of America*, assigned adversary number 19-2190(MBK). This proceeding sought to bifurcate BOA's claim, surcharge the collateral and recover for consumer protection violations.

---

[2] Fidelity National Title Insurance filed a motion to dismiss which was granted on April 30, 2019 and is no longer a Party to the action indexed at HNT-L-000477.

12. When it became clear that the Sky Manor Settlement would occur and title to the Farm would become marketable, the Debtor began to entertain offers to purchase the Farm. The Debtor has secured an offer to sell the Farm to EVS Brass Family Farm LLC for $1,300,000.00 (the "Sale Agreement"). A motion to approve the sale agreement is currently pending before this Court.

13. BOA's secured claim exceeded $1,600,000.00, and it was impossible to sell the Farm without some form of agreement from BOA. Likewise, BOA alleged that it needed to consent to the recordation of the easement grant by Sky Manor. Meanwhile, taxes, interest and fees were accumulating on the Farm and driving it even further underwater while litigation was ongoing.

14. The Debtor spent significant time analyzing the respective positions of the Parties and concluded that a near-global resolution of the issues with BOA, and without any prejudice to the Debtor's remaining alleged claims against its title insurer, was in the best interest of the Debtor's Estate.

15. Though the Debtor believes that it will prevail on the claims against BOA, the Debtor wishes to settle the claims, the outcome of which is uncertain.

16. The settlement with BOA (the "BOA Settlement") ensures that the easement can be properly recorded, that the Farm can be sold and that the proceeds can be allocated to those with a legal right to them, without the expense and risk of further litigation or the continuing diminution of the estate by fees and taxes.

17. The BOA Settlement also includes terms capping the amount HBF owes on any mortgage deficiency and providing for the discharge of HBF's and the Merblers' guaranties of the debt to BOA.

18. The Debtor negotiated the proposed BOA Settlement in good faith.

19. By its Motion, the Debtor seeks authorization to settle and compromise the claims as set forth in the BOA Settlement attached hereto as Exhibit "A".

20. I certify that the foregoing statements made by me are true and correct to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


DATE: May 5, 2020  */s/ Edmond M. George*
　　　　　　　　　　　　　　　　Edmond M. George, Esquire

4817-7846-3417